QUESTION: Is it unlawful for a deputy sheriff to perform with a musical group engaged by a business licensed under the beverage laws of the State of Florida?
SUMMARY: Section 561.25, F. S., prohibits a deputy sheriff from performing with a musical group engaged by a business licensed under the beverage laws of Florida. Section 561.25, F. S., provides: 561.25 Officers and employees prohibited from being employed by or engaging in beverage business; exceptions; penalties. — No officer or employee of the division, and no sheriff or other state, county, or municipal officer with state police power granted by the Legislature, shall be permitted to engage in the sale of alcoholic beverages under the Beverage Law; or be employed, directly or indirectly, in connection with the operation of any business licensed under the Beverage Law; or be permitted to own any stock or interest in any firm, partnership, or corporation dealing wholly or partly in the sale or distribution of alcoholic beverages. Any person violating this provision of the Beverage Law shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s.775.083, and shall be automatically removed or suspended from office. However, nothing herein may be construed to prohibit the said police officers, excluding officers or employees of the division, from rendering security services when off duty to any business establishment licensed under the beverage laws to sell beverages, provided that in excess of 50 percent of said business establishment's gross income is from a source other than the sale of alcoholic beverages for consumption on the premises and the written approval of the chief of police, sheriff, or other appropriate department head is obtained for the place and hours of such service. Any officer employed for the purposes of rendering private security services as permitted under this section shall not be paid less than the established prevailing wage. (Emphasis supplied.) The purpose of this statute is to prohibit law enforcement officers from being connected with the operation of licensed premises in such a way as to interfere with or prevent the officer involved from enforcing the Beverage Law in an unbiased and unprejudiced manner. Inasmuch as the statute prohibits indirect employment as well, no technical distinction can be made because bands are not usually hired upon traditional employment terms. When a business licensed under the Beverage Law hires a musical group, it appears to me that the musical group is engaged or employed, at least indirectly, with the operation of that business.
The only exception provided by the Legislature is for off-duty officers rendering security services and only to a business deriving less than 50 percent of its gross income from a source other than the sale of alcoholic beverages for consumption on the premises. That exception was added by amendment, effective October 1, 1972 (see Ch. 72-93, Laws of Florida). For related opinions, see AGO's 073-467, 073-228, 070-68, and 058- 16.